```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Leisha Tringali</u>

   **v.**                                   Case No. 12-cv-124-PB
                                                   Opinion No. 2012 DNH 190

<u>Massachusetts Department
of Transitional Assistance</u>, et al.


### MEMORANDUM AND ORDER

Leisha Tringali, appearing pro se, brings suit for declaratory relief, injunctive relief, and damages against the Massachusetts Department of Transitional Assistance ("DTA"); the Massachusetts Department of Revenue, Child Support Enforcement Agency ("CSE"); the Massachusetts Registry of Motor Vehicles ("Massachusetts RMV"); and Doug Comfort, an employee of the CSE. The suit arises from the defendants' alleged failure to afford Tringali notice and a hearing before attempting to enforce a child support order against her. Tringali seeks relief under 42 U.S.C. § 1983 for procedural due process violations. She also states an intention to assert state law claims, arising out of the same nucleus of facts, though she does not identify those state claims in her complaint.

Presently before the court is the defendants' motion to dismiss Tringali's complaint. Defendants assert that Tringali's claims against the state agencies and her claims against Doug Comfort in his official capacity are barred by the Eleventh Amendment. Comfort also argues that Tringali has not pleaded a plausible claim that he proximately caused her alleged injuries. For the reasons set forth below, I grant the defendants' motion and dismiss Tringali's complaint.

## I. BACKGROUND[1]

Tringali and her former husband, Matthew Tringali, obtained a Judgment of Divorce on August 20, 1996, in Middlesex County Family and Probate Court (the "Divorce Action"). The original judgment was modified on September 29, 1998, to specify that Matthew and Leisha Tringali would have joint legal and physical custody over their child.

On April 12, 2000, Matthew's father, Peter Tringali, filed a separate action against Matthew seeking temporary guardianship (the "Guardianship Action"). Tringali does not explain what was at issue in this action. Nor does she state whether she was

---

[1] The facts are taken from the plaintiff's complaint (Doc. No. 1), and her brief in opposition to the defendants' motion to dismiss (Doc. No. 9-1).

named as a defendant.  She does allege, however, both that a temporary guardianship was granted for a period expiring on July 11, 2000, and that Leisha Tringali thereafter lost temporary custody of her child.

On August 9, 2001, Peter Tringali filed a motion for child support in the Divorce Action but he withdrew the motion on September 10, 2001.  A few days later, a representative of the CSE filed a complaint seeking to modify the divorce judgment.  The complaint named Leisha Eshbach rather than Leisha Tringali as the respondent even though Leisha Tringali has never used the name Eshbach.  A summons was then issued in the name of Leisha Eshbach.  The record does not disclose whether the summons was served.  At some point thereafter, a temporary order of support and assignment of income (the "Support Order") was entered against Leisha Eshbach.  Between March 2003 and some unspecified date in 2006, the CSE used the Support Order to obtain approximately $14,000 from Leisha Tringali by levying several different accounts in her name.

On December 5, 2003, a judge named Peter Tringali permanent guardian with custody of the Tringalis' child.  No support was ordered at that time.

On June 13, 2011, the New Hampshire Department of Motor Vehicles denied Trinagli's request to renew her New Hampshire driver's license.  After investigating the matter, Tringali determined that her Massachusetts license had been suspended because of overdue child support obligations.  Tringali was not given notice of the fact that her license had been suspended, nor was she given a hearing on the issue.

On October 13, 2011, Tringali sent Doug Comfort a demand letter demanding, among other things, that any monies obtained from her be returned and that the suspension of her driving privileges should be lifted.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court's review is generally limited to the matters asserted in the complaint.  See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).  I must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied

Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  The plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

   Pro se pleadings are held to a less stringent standard than those drafted by lawyers and are to be liberally construed in favor of the pro se party.  See Estelle v. Gamble, 429 U.S. 97, 106 (1979); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  The Supreme Court's decision in Twombly "did not alter the courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."  Hebbe v. Pliler, 627 F.3d 338, 342, 342 n.7 (9th Cir. 2010) (collecting cases from the Second, Third, Fifth, Seventh, and, Tenth Circuits stating that pro se complaints must be construed liberally after Iqbal).  See also Dutil v. Murphy,

6

550 F.3d 154, 158 (1st Cir. 2008) (construing pro se litigant's claim liberally post-Twombly); Goldblatt v. Geiger, No. 10-CV-537-PB, 2012 WL 1107718, *4 (D.N.H. Apr. 2, 2012) (construing pro se litigant's claim liberally post-Iqbal).  I apply these standards in reviewing the motion to dismiss.

### III. ANALYSIS

Defendants argue that Tringali's claims against the agency defendants and her official capacity claims against Comfort are barred by the Eleventh Amendment.  Comfort also argues that Tringali's claims against him must be dismissed because Tringali has failed to sufficiently allege that he caused any of her alleged injuries.  I address each argument in turn.

**A.   Eleventh Amendment**

The Supreme Court has long held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  This immunity extends to "arms of the state," see, e.g., Irizarry-Mora v. Univ. of P.R., 647 F.3d 9, *12 (1st Cir. 2011) (explaining the "arm-of-the-state" doctrine, which courts use to determine whether a particular public agency shares the state's sovereign immunity);

7

Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993) ("Only the state itself and 'arms' of the state receive immunity."), and state officers to the extent they are sued in an official capacity, and the plaintiff is seeking damages and other forms of retrospective relief.  See Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 (1st Cir. 2009).

In the present case, Tringali does not take issue with defendants' contention that the state agency defendants are "arms of the state."  Nor does she challenge the basic rule that a state actor is entitled to immunity under the Eleventh Amendment for damage claims and other forms of retrospective relief to the extent he has been sued in his official capacity.  Instead, she argues that the defendants waived their Eleventh Amendment immunity by accepting federal funds under Title IV, Chapters A and D of the Social Security Act.  See Social Security Act, Title IV-A, 42 U.S.C. §§ 601–617; Social Security Act, Title IV-D, 42 U.S.C. §§ 651–669b.

As the Supreme Court has explained, a court "will give effect to a [s]tate's waiver of Eleventh Amendment immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for

8

any other reasonable construction." VIBO Corp. v. Conway, 669 F.3d 675, 691 (2002) (quoting Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 306-07 (1990)).  It necessarily follows, therefore, that a state does not waive sovereign immunity merely by accepting federal funds.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246-47 (1974).

In Edelman, the Supreme Court rejected a claim that a state constructively consented to suit in federal court by accepting federal funds pursuant to the Social Security Act.  415 U.S. at 574.  Although Tringali bases her waiver argument on different sections of the Act, she has failed to distinguish Edelman because she has not identified any language in Chapters A and D of Title IV that would have alerted recipients of federal funds under these chapters that they would waive their Eleventh Amendment immunity by accepting such funds.  Accordingly, I reject Tringali's argument that the defendants waived their Eleventh Amendment immunity merely by accepting federal funds pursuant to the Social Security Act.

**B.    Causation**

The Eleventh Amendment does not bar Tringali's damage claims against Comfort to the extent she has sued him in his individual capacity.  See Hafer v. Melo, 502 U.S. 21, 31 (1991).

9

Nor does it bar her claims to the extent she is seeking declaratory and prospective injunctive relief against him.  See Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007).  Nevertheless, Comfort argues that Tringali's claims must be dismissed because she fails to show that he was the proximate cause of the constitutional violations she alleges.  I agree.

In order to satisfy the pleading standard under Twombly and Iqbal, "an adequate complaint must include not only a plausible claim but also a plausible defendant."  Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011); Sanchez v. Pereira-Castillo, 590 F.3d 31, *48 (1st Cir. 2009).  The plaintiff's complaint must include sufficient facts so that the court can conclude that the named defendant is responsible for the alleged misconduct.  Sanchez, 590 F.3d at 48; Iqbal, 129 S. Ct. at 1949.  An allegation that is "threadbare or speculative" will fail to cross the line between possible and plausible. Penalbert-Rosa, 631 F.3d at 595 (citing Twombly, 550 U.S. at 557 n.5).

My task in determining whether Tringali has pleaded sufficient facts "to state a plausible claim against a

10

particular defendant is 'context specific.'" Sanchez, 590 F.3d at 48 (quoting Iqbal, 129 S. Ct. at 1950).  I apply "common law tort principles when conducting 'inquiries into causation under § 1983.'"  Id. (quoting Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989)).  Following this approach, I agree with Comfort that Tringali has failed to plead a claim either that he caused any of her alleged injuries or that he has the power to implement the relief she seeks.

Any inference that Comfort is responsible for the alleged violations is mere speculation.  Tringali claims that Comfort is a CSE employee, but fails to provide a job title for Comfort that suggests he is in a position to either violate her rights or remedy a violation.  Additionally, Tringali alleges violations that span more than ten years, but does not allege the dates of Comfort's employment with the CSE.  Tringali states that she sent a demand letter to Comfort in which she requested, among other relief, a copy of the signed child support judgment against her and termination of the suspension of her driver's license.  She asserts that Comfort never responded to her letter and that he "knowingly and willingly allowed the plaintiff to continue to be harmed" by the agency's efforts to enforce a child support order and failed to provide her with a remedy.

11

(Doc. 9-1). Tringali does not explain, however, why she believes that Comfort has the authority to satisfy any of her requests. Cf. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (stating that to determine the causation issue in an Eighth Amendment claim against a prison official, the court must examine the defendants' individual duties and discretion to determine whether he was in a position to cause or remedy the alleged violation). Without pleading facts that are sufficient to demonstrate the plausibility of her belief that Comfort caused the harm she alleges, her claim against him necessarily fails.

## IV. CONCLUSION

I grant the defendants' motion to dismiss (Doc. No. 8) Tringali's claims for monetary, injunctive, and declaratory relief against the agency defendants because they have not waived their Eleventh Amendment immunity to suit. I grant the motion to dismiss her official capacity claims against Doug Comfort for monetary relief because he has not waived the state's Eleventh Amendment immunity. Although the Eleventh Amendment does not bar either Tringali's claims for prospective injunctive relief against Comfort or her individual capacity damage claims against him, I dismiss these claims as well

because she has not pleaded sufficient facts to show either that Comfort proximately caused the violations she alleges or that he has the power to implement an order granting her the relief she seeks.

The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

                                                  /s/Paul Barbadoro
                                                  Paul Barbadoro
                                                  United States District Judge

November 13, 2012

cc:   Leisha Tringali, pro se
       James A. Sweeney, Esq.